IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| MAURINE BIGHAM, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 1:13cv689-MHT |
| | ) | (WO) |
| LIFE INSURANCE COMPANY OF | ) | |
| NORTH AMERICA, | ) | |
| | ) | |
|     Defendant. | ) | |

OPINION

Plaintiff Maurine Bigham alleges that defendant Life
Insurance Company of North America (LINA) misled her into
believing that she was purchasing a significantly more
generous disability-insurance policy than she actually
did.  When she became disabled and the policy ended
earlier than she believed it would, she brought this
lawsuit making claims for fraud and breach of contract.
LINA brought a counterclaim that, rather than owing Bigham
more on her insurance policy, the company actually
overpaid her by $ 20,253.12.  The court has diversity-of-
citizenship jurisdiction over Bigham's claims, 28 U.S.C.

§ 1332, and supplemental jurisdiction over LINA's counterclaim, 28 U.S.C. § 1367.

This lawsuit is now before the court on Bigham's motion to add party and motion to dismiss her claims without prejudice. The court will grant the latter and deny the former as moot. The court will also dismiss LINA's counterclaim without prejudice.


## I.  Background

Bigham now believes that her employer, Houston County Healthcare Authority d/b/a Southeast Alabama Medical Center (SAMC), may have participated in or perpetrated the fraudulent representations with regard to the disability-insurance policy. She initially moved to add SAMC as a defendant in this case, but, since SAMC and Bigham are both citizens of Alabama, that would destroy diversity of citizenship. Therefore, Bigham has filed a separate suit against SAMC in state court, and she now also moves to dismiss this federal action, so she can pursue her claims

2

against both LINA and SAMC together and in full in state court.

## II.  Discussion

### A.

After a defendant has answered a plaintiff's complaint, she may dismiss her case only by either signed stipulation of all parties, Fed. R. Civ. P. 41(a)(1)(A)(ii), or court order, Fed. R. Civ. P. 41(a)(2). Because LINA does not consent to dismissal, her suit may be dismissed only by court order.  The Eleventh Circuit Court of Appeals has explained that:  "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). ... [I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result. ... The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal. ... In exercising its broad equitable discretion under Rule

3

41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." <u>Pontenberg v. Boston Scientific Corp.</u>, 252 F.3d 1253, 1255-1256 (11th Cir. 2001) (internal citations removed) (quotation marks omitted) (emphasis in original). In <u>Pontenberg</u>, the appellate court held that delay and neglect by the plaintiff, even until the summary-judgment stage, did not give rise to "clear legal prejudice" which would justify refusal to dismiss a plaintiff's case. <u>Id</u>. at 1256.

In this case, LINA admitted that it would face no prejudice from dismissal, merely the loss of a preferred forum. No depositions have been taken yet, and the written discovery which has been exchanged will be useful to a state lawsuit as well. Indeed, LINA acknowledges that it may in fact benefit from having SAMC as a fellow defendant to share liability. Bigham's dismissal motion should be granted.

4

B.

Moreover, there is an alternative ground to dismiss this lawsuit.  As stated, Bigham initially moved to add SAMC as a defendant.  Joinder may be pursuant to either Fed. R. Civ. P. 19 ("Required Joinder of Parties") or Fed. R. Civ. P. 20 ("Permissive Joinder of Parties").  Although Bigham describes SAMC as a "necessary party," her motion does not identify which form of joinder she seeks, nor does she describe how SAMC is a necessary party.  The court will treat the motion as a Rule 20 motion.  However, since SAMC and Bigham are both citizens of Alabama, such permissive joinder would destroy diversity of citizenship, with the result that this case would have to be dismissed.

Under Rule 40(a)(2) of the Federal Rules of Civil Procedure, discussed above, the focus was on prejudice to the defendant--whether LINA would suffer "clear legal prejudice."  However, with regard to joinder, the focus is also on the plaintiff, here Bigham.  The court should consider whether plaintiff will be significantly injured

5

if the joinder is not allowed, whether plaintiff has been dilatory in asking for joinder, and any other factors bearing on the equities.  <u>Cf</u>. <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179, 1182 (5th Cir. 1987) (district court, when confronted with an amendment to add a nondiverse nonindispensable party that would warrant remand, should consider a number factors in the exercise of its discretion), <u>cert</u>. <u>denied</u>, 493 U.S. 851 (1989).

Under these considerations, Bigham's lawsuit should still be dismissed.  First, it appears that Bigham desires to pursue a proper claim against SAMC, since she alleges that an SAMC employee was the one who fraudulently misrepresented the terms of the policy.  Second, counsel for Bigham represents that he did not learn about SAMC's involvement until about a month and a half ago.  Thus, while it is true that Bigham waited several months before seeking to amend her complaint or dismiss the action, she has not been dilatory.  Third and finally, it would be in

6

the best interest of all parties for the claims against LINA and SAMC to be tried by the same factfinder.

Indeed, the fact that Bigham has met these more rigorous considerations underscores the propriety of the dismissal of this lawsuit.


C.

Rule 41(a)(2) of the Federal Rules of Civil Procedure "also allows the court to prevent prejudice to the defendant in such cases by attaching conditions to the dismissal." <u>Pontenberg</u>, 252 F.3d at 1258. Here, dismissal will result in no prejudice to LINA; indeed, it appears that the pursuit of Bigham's claims against both LINA and SAMC in one lawsuit will benefit LINA. The court therefore sees no need to impose any conditions of dismissal on Bigham.

7

D.

When the court dismisses all claims over which it had original jurisdiction, it may decline to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). Since LINA's counterclaim is for less than the $ 75,000 amount-in-controversy minimum for diversity jurisdiction, 28 U.S.C. § 1332(a), there are no remaining claims for which this court has original jurisdiction. When the court has the option of declining to exercise supplemental jurisdiction, its discretion should be guided by "judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together." Palmer v. Hospital Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  It best furthers judicial economy, convenience of the parties, and common sense for all of the claims Bigham has against LINA and SAMC and the counterclaim LINA

8

has against Bigham to be tried together, for they are all factually interrelated.

***

For the above reasons, Bigham's motion to dismiss will be granted and her claims will be dismissed without prejudice. Her motion to add party will be denied as moot. LINA's counterclaim will also be dismissed without prejudice. An appropriate judgment will be entered.

DONE, this the 19th day of February, 2014.

        /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE